# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN SERPIK, | ) |
| Plaintiff, | ) |
| v. | ) CIV-22-350-R |
| ANGELA C. MARSEE, ET AL., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 6) filed by Defendant Angela Marsee, District Attorney of Beckham County, Oklahoma. In lieu of filing a response, Plaintiff filed an "Affidavit to Strike Motion to Dismiss." (Doc. No. 9). Defendant Marsee filed a Reply in support of her position. (Doc. No. 11). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff, appearing *pro se*, filed a Petition in the District Court of Beckham County citing 42 U.S.C. § 1983 and 18 U.S.C. § 241.[1] He sues both Defendant Marsee and Leasa Hartman, Beckham County Clerk, in their individual capacities. Plaintiff alleges that on April 6, 2022, he requested that Leasa Hartman record three documents for him and that she informed him she had to first get permission from the District Attorney. He further alleges that District Attorney Marsee instructed Defendant Hartman not to file anything Mr. Serpik had presented. He contends that, as a result of the Defendants' refusal to file

---

[1] Because Plaintiff is proceeding *pro se* the Court gives his filings liberal construction, but the Court will not craft arguments on his behalf. *Haines v. Kerner*, 404 U.S. 519 (1972).

his documents, his due process rights were violated.² Citing Oklahoma law, Defendant Marsee argues that the County Clerk was not required to file Plaintiff's documents and therefore his due process rights were not violated. (Doc. No. 6, p. 3)(citing Okla. Stat. tit. 19 § 286). She further argues that she is entitled to qualified immunity.

In response to Defendant's motion Plaintiff sets forth various arguments, many of which are difficult to construe. He contends, however, that "Marsee as a prosecutor would have offered the basic elements of due process (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal." (Doc. No. 9, p. 2). Plaintiff also relies on the First Amendment, a claim not asserted in his Petition. He contends that Defendant Marsee violated his right to petition the government for grievances as protected by the First Amendment, as well as his right to travel.

> Plaintiff has a right to travel while doing the business of our Lord and Savior Jehovah and when the state refuses that right the Plaintiff has a right to speak through the public record, either through the county clerk or petition the government which in other words is still making documents public record but through a different more expensive venue. The affidavits Plaintiff went to file at the county clerks [were] to protect private property instruments for record and [were] denied these basic rights.

(Doc. No. 9, p. 4).

The Court finds that Defendant Marsee is entitled to qualified immunity on any due process or First Amendment claim. Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotation marks and citation

---

² The documents Plaintiff sought to file with the County Clerk were affidavits related to his contention that he is not required to obtain a drivers license in order to operate a motor vehicle on private property.

omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo v. City of Greenwood Village*, 739 F.3d 451, 460 (10th Cir. 2013). For a right to be clearly established, the contours of that right must be "'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). A right is clearly established if there is a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010)). It is not enough to point to the existence of a right at a high level of generality—the question is whether the specific conduct of the defendant is clearly prohibited. *Ashcroft v. al-Kidd*, 563 U.S. at 742 ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). There need not be a case directly on point, but judicial precedent must have "placed the statutory or constitutional question beyond debate." *Id*. at 741. The Court may exercise its discretion to decide which prong of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

    Plaintiff's response to the Motion to Dismiss fails to cite authority to overcome Defendant Marsee's assertion of qualified immunity. Plaintiff is obligated to identify a

clearly established right that is sufficiently specific, and he has failed to do so here. Despite his contention that he has a right to file documents with the Clerk as a matter of public record, he cites no legal authority to support his proposition.

As set forth above, Plaintiff's argument in support of his First Amendment claim fails to fulfill his obligation to overcome the defense of qualified immunity. Plaintiff fails to provide the Court with any authority that the District Attorney's instructions to the County Clerk not to file Plaintiff's affidavits violated either due process or the First Amendment. Because Plaintiff is obligated to identify legal authority that rendered his rights "clearly established" for qualified immunity purposes and because he has failed to do so, Defendant Marsee is entitled to qualified immunity.

Additionally, Plaintiff's reliance on 18 U.S.C. § 241 is misplaced. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2012) ("these criminal statutes [§§ 241 and 242], like other such statutes, do not provide for a private civil cause of action."). And finally, the Court finds that amendment would be futile and therefore finds that dismissal of this action is appropriate.

For the reasons set forth herein, Defendant Marsee's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this 6th day of June 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE