IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN SERPIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-22-350-R |
| | ) |
| ANGELA C. MARSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Motion to Dismiss (Doc. No. 7) filed by Defendant Leasa Hartman, County Clerk for Beckham County. In lieu of filing a response, Plaintiff filed an "Affidavit to Strike Motion to Dismiss." (Doc. No. 8). Defendant Hartman filed a Reply in support of her position. (Doc. No. 10). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff, appearing *pro se*, filed a Petition in the District Court of Beckham County citing 42 U.S.C. § 1983 and 18 U.S.C. § 241.[1] He sues both Defendant Hartman and Angela Marsee, the District Attorney of Beckham County, in their individual capacities. Plaintiff alleges that on April 6, 2022, he requested that Leasa Hartman record three documents for him and that she informed him she had to first get permission from the District Attorney. He further alleges that District Attorney Marsee instructed Defendant Hartman not to file anything Mr. Serpik had presented. He contends that as a result of the Defendant Hartman's

---

[1] Because Plaintiff is proceeding *pro se* the Court gives his filings liberal construction, but the Court will not craft arguments on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

refusal to file his documents that his due process rights were violated.² Defendant Hartman argues that she is entitled to qualified immunity on Plaintiff's due process claim, asserting that Plaintiff has failed to allege that he was deprived of life or property. She further argues that Plaintiff's contention that she violated his liberty interest fails because he had no such interest in filing the documents with the County Clerk. Defendant further argues that there is no factual basis for a conspiracy claim and that 18 U.S.C. § 241, a federal criminal statute cited in the Petition, provides no private right of action. Finally, Defendant Hartman argues that amendment would be futile.

Although Plaintiff responds to Defendant's due process arguments, his response is more directed to an unpled claim under the First Amendment. He contends Defendant Hartman violated his right to petition the government for grievances as protected by the First Amendment.

> When Plaintiff went to file the 3 page document on 04.06.2002 regarding the 'Driver License', it was because the Oklahoma DMV and Oklahoma public officials are so ill trained that they at first deny rights that [were] already unalienable to begin with. The state Oklahoma forced me to commit fraud by forcing the Plaintiff to get a driver license when Plaintiff is not a driver or operator of any kind. And after the document was sent to Oklahoma DMV as a Notice, NO RESPONSE was offered. Plaintiff at that point had a right to petition the government for redress of grievances to file a lawsuit (which is a public record) but instead the Plaintiff utilized other venues available like the county recorder where the Plaintiff took his 3 page property document and attempted to speak through the county recorder were the private property document was signed to preserve the property in that county of domicile. It is the same thing Plaintiff did with all other numerous documents with no issues until 04.06.2002. And even after the fact Defendant recorded other documents after wards with no issues, so why just that 3 page document did not gets it right to freedom of press?

---

² It appears to the Court that the documents Plaintiff sought to file with the County Clerk were affidavits related to his contention that he is not required to obtain a drivers license in order to operate a motor vehicle on private property.

(Doc. No. 8, pp. 3-4).

As noted above, Defendant Hartman raises the defense of qualified immunity, which "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotation marks and citation omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo v City of Greenwood Village*, 739 F.3d 451, 460 (10th Cir. 2013). For a right to be clearly established, the contours of that right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). A right is clearly established if there is a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010)). It is not enough to point to the existence of a right at a high level of generality—the question is whether the specific conduct of the defendant is clearly prohibited. *Ashcroft v. al-Kidd*, 563 U.S. at 742 ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). There need not be a case directly on point, but judicial precedent must have "placed the statutory or constitutional question beyond debate." *Id*. at 741. The Court may exercise its

discretion to decide which prong of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiff's response to the Motion to Dismiss is difficult to construe. Regardless, Plaintiff fails to cite authority to overcome Defendant Hartman's assertion of qualified immunity as to either a due process or a First Amendment claim. Mr. Serpik fails to cite to a single Supreme Court decision that would support the merits of his § 1983 claims, including his conspiracy claim. Although the First Amendment protects the right to petition the government to redress grievances, Plaintiff cites to no caselaw that would mandate that the County Clerk permit him to file an affidavit to avoid the trampling of his rights. Furthermore, Plaintiff's contention that Defendant Hartman's behavior was "conscience shocking" for substantive due process purposes presents no citation to authority to support that proposition. Additionally, Plaintiff's conspiracy claim under § 1983 fails because Plaintiff has failed to show that the law was clearly established. Accordingly, Defendant Hartman is entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claims.

Additionally, although Plaintiff quotes the language of 18 U.S.C. § 241, he does not present any authority that this federal criminal statute provides a basis for civil relief. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2012) ("these criminal statutes [§§ 241 and 242], like other such statutes, do not provide for a private civil cause of action"). Accordingly, Plaintiff's 18 U.S.C. § 241 claim against Defendant Hartman is subject to dismissal.

Finally, as argued by Defendant Hartman, amendment of the Petition would be futile. Plaintiff does not seek leave to amend, however, based on Plaintiff's previous submissions, the Court finds that amendment would be futile.

For the reasons set forth herein, Defendant Hartman's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED** this 6th day of June 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE