IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN V. SERPIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-22-350-R |
| | ) |
| ANGELA C. MARSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's "Judicial Notice-Affidavit to Strike Angela Marsee's Response Filed 05/24/22" (Doc. No. 15) and his "Affidavit" (Doc. No. 16), as well as a Motion to Strike filed by Defendant Marsee (Doc. No. 17) and a similar motion filed by Defendant Hartman (Doc. No. 18). In response to the motions Plaintiff filed an Affidavit (Doc. No. 19) and a Rebuttal of Defendants' Motions (Doc. No. 20). Defendant Hartman filed a response to the Affidavit because of Plaintiff's request for reconsideration contained therein. (Doc. No. 21).

The Court dismissed this action on June 6, 2022, granting the Motions to Dismiss filed by each Defendant separately. (Doc. Nos. 12 and 13). On June 9, 2022, Plaintiff filed a "Judicial Notice- Affidavit to Strike Angela Marsee's Response Filed 05/24/22" (Doc. No. 15) and on June 14, 2022, he filed a "Response" (Doc. No. 16). Both Defendants request that the Court strike Plaintiff's Response. Because this case was closed on June 6, 2022, and because the Court finds no basis under which Plaintiff could amend his pleadings to state a claim, the Affidavit and the Response are of no consequence in this case. The Court will not strike the filings from the record but declines to act on either in large part

because the filings are replete with irrelevant information and provide no basis for reconsideration of the Court's earlier dismissal of this action. Accordingly, the Motions to Strike are DENIED.[1]

As noted, Plaintiff also filed a document entitled "Pursuant 25 C.F.R. § 581.6(1), (2)(B), (C) Affidavit for Reconsideration & Plaintiff Name Style Correction" (Doc. No. 19) to which Defendant Harman filed a Response (Doc. No. 21). Citing 25 C.F.R. § 581.6, Plaintiff requests reconsideration. That section of the federal regulations applies to the Indian Gaming Commission and provides no basis for this Court to reconsider its prior Order dismissing this action.[2] He further complains about the capitalization of his name in the style of the case, which similarly provides no basis for relief.[3] Accordingly the Motion to Reconsider is DENIED.

As to Plaintiff's "Rebuttle of Defendant's Motion(s) and Demand Filed" (Doc. No. 20), nothing in the rebuttal provides a basis for reconsideration of the Court's Order dismissing this action. Accordingly, the "Rebuttle" to the extent it requests affirmative relief, is DENIED.

---

[1] In light of Plaintiff's *pro se* status the Court gives his filings liberal construction but will not craft arguments on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, despite his *pro se* status, Plaintiff must comply with the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

[2] As noted by Defendant, the Federal Rules of Civil Procedure do not specifically provide for reconsideration. However, a party may file a motion to alter or amend a judgment, and any such motion filed within twenty-eight days is construed under Fed. R. Civ. P. 59(e). Rule 59(e) permits relief "in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). None of these circumstances is present in the instant case.

[3] Plaintiff complains that he did not receive Defendant Hartman's May 23, 2022 filing via mail and therefore did not timely respond. Her filing, however, was a reply brief, and no further briefs were anticipated with regard to her Motion to Dismiss.

For the reasons set forth herein, the motions, as set forth above, are DENIED.

**IT IS SO ORDERED** this 19th day of July 2022.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE